UTICA MUTUAL INSURANCE COMPANY, PLAINTIFF v. LUTHER L. JOHNSON, T/A JOHNSON'S ALIGNMENT SERVICE, DEFENDANT AND THIRD-PARTY PLAINTIFF v. GEORGE L. BROADNAX, THIRD-PARTY DEFENDANT

No. 7812DC767

(Filed 15 May 1979)

1. **Judgments § 34; Rules of Civil Procedure § 60.1— vacation of order—notice**

    The trial court did not have the power to vacate an order so as to affect the rights of the parties without giving the parties notice and an opportunity to be heard.

2. **Rules of Civil Procedure § 60.2— setting aside prior order—legal error**

    G.S. 1A-1, Rule 60(a) does not authorize the trial court to set aside a previous ruling where the reason for so doing is legal error.

APPEAL by third-party defendant from *Guy, Judge.* Order entered 28 April 1978 in District Court, CUMBERLAND County. Heard in the Court of Appeals 3 May 1979.

Utica Mutual Insurance Company brought this action against Johnson's Alignment Service to recover possession of a 1972 Plymouth automobile. Johnson answered and crossclaimed against

George L. Broadnax, alleging Broadnax delivered the car to him for repairs which he performed and that he is entitled to recover from Broadnax $1544.63 for the repairs, and other damages. Broadnax answered the crossclaim, denying he delivered the car to Johnson and alleging he had no interest in the car.        •

The attorney for Broadnax, on 14 February 1975, was allowed to withdraw as counsel of record in the case. On 11 October 1976, the trial court allowed Utica Mutual's motion for summary judgment in part, thereby establishing its right to the possession of the Plymouth car, reserving the question of damages.

Thereafter, on 25 April 1977, the case came on for trial. The third-party defendant, Broadnax, was not present, nor was he represented by counsel at that time. The trial court found that Broadnax had received notice of the trial. The court entered judgment finding that Utica Mutual was not entitled to any damages from Johnson and that Johnson was not entitled to recover any damages from Utica on his counterclaim.

The court further found that Broadnax falsely represented to Johnson that he was the owner of the Plymouth car and that he had entered into an implied contract with Johnson for repair of the car. In fact, the car was stolen, and Broadnax did not own any interest in it. The court held Johnson was entitled to recover from Broadnax $1544.63 as cost of repairs and $500 punitive damages.

Broadnax, through new counsel, filed a motion with affidavits on 21 June 1977 to vacate the judgment as to him for the reason that he did not have notice of the trial. The motion was heard on 15 August 1977, with Johnson and Broadnax appearing through counsel. The court found Broadnax did not have proper notice of the 25 April 1977 trial and that his failure to appear was the result of excusable neglect, and entered an order vacating the 25 April 1977 judgment as it applied to Johnson's claim against Broadnax. This order was filed 24 October 1977. Although the order made no finding that Broadnax had a meritorious defense to Johnson's claim, Johnson did not appeal.

Next, on 28 April 1978 an *ex parte* order was entered by the district court judge setting aside the 24 October 1977 order *ex mero motu*. The court further held Broadnax did have notice of

the 25 April 1977 trial and denied the motion of Broadnax to set aside the 25 April 1977 judgment. The record fails to show that either Johnson or Broadnax, or their respective counsel, was present at the entry of the 28 April 1978 order. It does not show that Broadnax had notice of the proposed entry of the order or had any opportunity to be present and to be heard. From this order, Broadnax appeals.

*Barrington, Jones, Witcover and Carter, by C. Bruce Armstrong, for third-party defendant appellant.*

*No counsel contra.*

MARTIN (Harry C.), Judge.

The third-party defendant, Broadnax, contends the trial court's order of 28 April 1978 was erroneously entered and should be vacated. We agree.

[1]  The 28 April 1978 order vacated the 24 October 1977 order. It was not an order correcting a clerical mistake or oversight entered pursuant to N.C.G.S. 1A-1, Rule 60(a). Rather, the order vacated the prior order and held Broadnax was not entitled to have the default judgment against him set aside. The courts have always had inherent authority to correct clerical errors in orders and judgments, but they do not have the power to amend or vacate an order or judgment so as to affect the rights of the parties, without giving the parties notice and an opportunity to be heard. *Vandooren v. Vandooren,* 27 N.C. App. 279, 218 S.E. 2d 715 (1975). "No person shall be . . . in any manner deprived of his . . . property,  but by the law of the land." N.C. Const. art. I, § 19. The "law of the land" requires notice and opportunity to be heard. *In re Wilson,* 257 N.C. 593, 126 S.E. 2d 489 (1962); *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717 (1950).

[2]  Rule 60(a) does not authorize the trial court to set aside a previous ruling where the reason for so doing is legal error. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975); *Snell v. Board of Education,* 29 N.C. App. 31, 222 S.E. 2d 756 (1976).

Defendant Johnson made no motion challenging the 24 October 1977 order, apparently realizing his remedy, if any, was by way of appeal. The court had no authority to enter the order of 28 April 1978 and it is vacated.

Vacated and remanded.

Judges PARKER and MITCHELL concur.