JOE ALLEN EDWARDS, Plaintiff v. CORA REBECCA TODD EDWARDS, Defendant

No. COA01-1289

(Filed 6 August 2002)

## 1. Divorce— equitable distribution—hunting lodge—division of property

In an equitable distribution action in which the marital estate consisted almost entirely of a hunting lodge and surrounding real estate, the trial court did not abuse its discretion by awarding defendant the lodge, which was also her residence, but not the acreage, which defendant considered necessary for the hunting business. There was evidence supporting findings that neither party could buy out the other; it appears from the record that the court sought the highest distributive awards possible.

## 2. Divorce— equitable distribution—findings—value of property at date of distribution

The trial court erred in an equitable distribution action by not making findings about the value of real property tracts on the date of distribution even though there was evidence that the values changed after the parties separated.

## 3. Divorce— equitable distribution—valuations of property

The trial court did not err in an equitable distribution action where defendant contended that the court did not accept defendant's valuations of personal property, but comparison of the court's order with defendant's evidence indicates that the court accepted defendant's valuations for many items.

## 4. Divorce— equitable distribution—post-separation expenses

The trial court did not err in an equitable distribution action by not including defendant's evidence of post-separation expenses where the court rejected defendant's evidence as insufficiently credible.

EDWARDS v. EDWARDS

[152 N.C. App. 185 (2002)]

Appeal by defendant from judgment entered 14 May 2001 by Judge William M. Cameron, III, in Sampson County District Court. Heard in the Court of Appeals 13 June 2002.

*Joe Allen Edwards, pro se, for plaintiff-appellee.*

*Lea, Clyburn & Rhine, by James W. Lea, III, for defendant-appellant.*

MARTIN, Judge.

Plaintiff-husband and defendant-wife were married on 4 July 1965 and separated on 1 August 1996. Plaintiff filed a complaint for absolute divorce on 31 July 1998. Defendant answered and asserted a counterclaim seeking an equitable distribution of the marital estate. By an amended complaint, plaintiff asserted claims for alimony, attorney's fees, and an equitable distribution of the marital property. A judgment of absolute divorce was granted on 27 April 1999, with the remaining issues reserved for further hearing.

The issues of equitable distribution, alimony, and attorneys' fees were heard on 14 August 2000. After hearing evidence, the trial court entered an judgment on 14 May 2001 in which it made findings of fact, denied plaintiff's claim for alimony, determined that an equal distribution of the marital property was not equitable, and distributed 42% of the net marital assets to plaintiff and 58% of the net marital assets to defendant. The trial court denied both parties' requests for attorneys' fees. Defendant gave notice of appeal from the trial court's judgment.

I.

[1] In its order distributing the parties' marital property, the trial court found that the marital estate consisted "almost entirely of a hunting lodge, the surrounding real estate, personal property associated with the lodge and its various activities, and the personal effects and debts of the parties." The trial court distributed the hunting lodge, which is also defendant's residence, and 86.7 acres of land to defendant; the remaining portion of the tract upon which the lodge is located, consisting of 87.3 acres, as well as the remaining land which had been owned by the parties, approximately 264 acres, was distributed to plaintiff. By her first assignment of error, defendant contends the trial court erred when it failed "to make a finding of fact and conclusion of law that [she] was entitled to the amount of acreage necessary to enable her to operate a hunting business . . . ."

EDWARDS v. EDWARDS

[152 N.C. App. 185 (2002)]

In equitable distribution cases, the trial court is vested with "wide discretion." *Wall v. Wall*, 140 N.C. App. 303, 307, 536 S.E.2d 647, 650 (2000) (citation omitted). Accordingly, the trial court's judgment "will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). When dividing and distributing marital property, the trial court must order an equal division of property unless it determines that to do so would not be equitable. N.C. Gen. Stat. § 50-20(c). "If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." N.C. Gen. Stat. § 50-20(c) (2001). Although the statute enumerates several factors which the court is required to consider in its determination of whether an equal division of the property is or is not equitable division, "the finding of a single distributional factor under N.C. Gen. Stat. § 50-20(c) may support an unequal division." *Jones v. Jones*, 121 N.C. App. 523, 525, 466 S.E.2d 342, 344, *disc. review denied*, 343 N.C. 307, 471 S.E.2d 72 (1996) (citation omitted).

Without citing any authority, defendant argues that the trial court's division of the real estate was error because it separated the hunting lodge from the land, in effect preventing either party from owning enough land to operate an income-producing hunting business. However, the trial court made a specific finding explaining why it had divided the real property between the parties rather than leaving it intact:

> 11. The parties' primary marital asset is their lodge and land for hunting. Their hunting business was a major focus of both spouses, and the lodge also served as their primary residence. Taken together, the hunting land and lodge has the potential to be a money-making business. However, *neither party has the financial ability to "buy-out" the other party's share by paying a sizeable distributive award.* Therefore, while economically desirable to keep the land and hunting lodge together, such a division is not possible, and the real estate must be substantially split in order to achieve an equitable distribution (emphasis added).

The trial court noted, in its equitable distribution order, "defendant wife's request to have additional land distributed to her along with the lodge in order to make hunting feasible is noted but not possible if an equitable division is made." These findings are supported by the evi-

dence of the parties' respective earning capacities and their respective existing debt.

In addition, the trial court considered factors set forth in G.S. § 50-20(c) (2001). Relevant to this assignment of error, the trial court specifically considered the non-liquid character of the marital assets. *See* N.C. Gen. Stat. § 50-20(c)(9) (2001). The trial court found that

> the various tracts of land which comprise the marital estate's realty have a much higher value coupled together rather than as individual parts. Their value as hunting parcels is dependent on their cumulative utility as a large combined preserve. Therefore, the court finds that even after dividing the parcels between the parties to effectuate this division, further sale of individual tracts to third parties would likely generate lessened interest and value.

From the record, it appears the trial court endeavored to maximize the economic values of the respective distributive awards to the parties, awarding defendant 58% of the marital property including the lodge and 86.7 acres. We discern no abuse of discretion in the trial court's decision not to award defendant additional acreage and defendant's assignment of error to the contrary is overruled.

## II.

[2] Defendant next argues the trial court erred by "failing to consider the date of trial value of all the real property assigned to the parties in its distribution of assets." As a result, she contends, the unequal division in her favor, based upon date of separation values, is in fact an unequal distribution in plaintiff's favor when date of distribution values are considered. Her argument has merit.

In an equitable distribution action, the trial court is required to provide for an equitable distribution of the parties' marital property and divisible property. N.C. Gen. Stat. § 50-20(a). To do so, the court must determine what is marital property and what is divisible property. *Id.* "Marital property" includes "all real and personal property acquired by either or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned . . . ." N.C. Gen. Stat. § 50-20(b)(1). "Divisible property" includes, *inter alia*:

> All appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of sepa-

ration and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.

N.C. Gen. Stat. § 50-20(b)(4)a. While marital property is valued as of the date of separation, divisible property must be valued as of the date of distribution. N.C. Gen. Stat. § 50-21(b) (2001).

In the present case, the trial court made findings with respect to the value of the real property as of the date of separation, but made no findings with respect to the value of the tracts as of the date of distribution, notwithstanding some evidence that the values had changed. In so doing, the trial court failed to identify and determine the value of the divisible property, i.e., the amount of appreciation or diminution in value, if any, of the marital property from the date of separation to the date of distribution. In the absence of such findings, the trial court could not properly and equitably distribute the divisible property. Accordingly, we must remand this case to the trial court in order that it might properly identify, value, and distribute the parties' divisible property. In so doing, the trial court may find it necessary to revise its order distributing the parties' marital property.

## III.

**[3]** Defendant contends the trial court erred by failing to accept defendant's valuations of personal property owned by the parties. Defendant has cited no authority for this position and has presented no argument other than to state, without support, that the trial court failed to consider her evidence of the values of the parties' personal property. Defendant refers to the spreadsheet exhibit attached to the judgment which contains 395 separate line items, yet she does not specifically mention a single item of personal property which might support her position that the trial court failed to consider her evidence as to value. Nevertheless, our comparison of the values listed in the attachment to the order of equitable distribution with the schedule and testimony offered by defendant indicates that the trial court accepted defendant's valuations for many of the items of personal property. Defendant's assignment of error is overruled.

## IV.

**[4]** By the final assignment of error brought forward on appeal, defendant contends the trial court erred by failing to consider, as a distributional factor, $374,978.00 in post-separation expenses

**EDWARDS v. EDWARDS**

[152 N.C. App. 185 (2002)]

incurred by her. However, the trial court explicitly considered this evidence:

> 22. c. The defendant wife alleges she has paid or incurred $374,978 in expenses since the date of separation and this hearing and that such expenses should be considered by the court as a distributional factor. The court finds insufficient credible evidence to support such findings and therefore the court, in it's [sic] discretion, gives no weight to such claim. The court notes that included in this claim is the defendant's specific allegation that she incurred $83,323.22 in automobile related expenses, which the court finds to be wholly unsupported by any credible evidence.

Contrary to defendant's argument, the trial court considered defendant's evidence of post-separation expenses and rejected it as insufficiently credible to be support for the finding of a distributional factor. Although the trial court is required to consider the distributional factors listed in G.S. § 50-20(c) when distributing marital property, the weight to be given each factor is within the sound discretion of the trial court. *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 545 S.E.2d 788, *affirmed*, 354 N.C. 564, 556 S.E.2d 294 (2001). We discern no abuse of discretion, and this assignment of error is overruled.

Defendant has presented no argument in support of her remaining assignment of error and it is therefore deemed abandoned. N.C.R. App. P. 28(b)(6) (2002). For the reasons stated in Part II above, the equitable distribution order entered in this matter is remanded for further proceedings consistent with this opinion.

Affirmed in part, remanded in part.

Judges TYSON and THOMAS concur.