PAM GENTRY, ADMINISTRATRIX OF THE ESTATE OF JOEY MICHAEL QUESENBERRY, Plaintiff v. BIG CREEK UNDERGROUND UTILITIES, INC., and iSURITY, INC., Defendants

· No. COA10-550

(Filed 3 May 2011)

1. **Wrongful Death— Woodson claim—inapplicable to any party other than employer**

     The trial court did not err in a wrongful death case by granting summary judgment in favor of defendant insurance carrier and dismissing plaintiff's complaint. Defendant was never the employer and thus plaintiff could not state a *Woodson* claim against this defendant.

2. **Appeal and Error— violation of North Carolina Rules of Appellate Procedure—denial of sanctions—not substantial or gross violations**

     Defendant's motion for sanctions against plaintiff based on numerous violations of the North Carolina Rules of Appellate Procedure was denied because review was not impaired nor had the adversarial process been frustrated when the violations were neither substantial nor gross.

Appeal by plaintiff from order entered 29 October 2009 by Judge Ripley E. Rand in Superior Court, Surry County. Heard in the Court of Appeals 16 November 2010.

*Franklin Smith, for plaintiff-appellant.*

*Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC, by Stephen G. Teague, for defendant-appellee.*

STROUD, Judge.

Defendant iSurity, Inc. filed a motion for summary judgment which the trial court subsequently allowed. Plaintiff appeals, arguing that it has presented a valid *Woodson* claim. As plaintiff's employer is not a party to this action, *Woodson* is inapplicable. Accordingly, we affirm the trial court's allowance of the motion for summary judgment in favor of defendant iSurity, Inc.

## I. Background

As this case has a long procedural history, including previous opinions from this Court, we recite only those facts which are necessary for an understanding of the present appeal before this Court. Plaintiff alleged that on 21 June 2002, Mr. Joey Michael Quesenberry, was working for Big Creek Underground Utilities, Inc. ("Big Creek") and operating a ditch digger to bury underground cable, when he was run over by the ditch digger and his left leg was broken in four places. Mr. Quesenberry filed a worker's compensation claim against Big Creek and received medical treatment for his leg injury, although his contentions in this case focus primarily on the alleged inadequacy of medical care provided under his worker's compensation claim. On 2 April 2005, Mr. Quesenberry died from hypertensive cardiomyopathy. On 14 March 2007, Ms. Pam Gentry, administratrix for Mr. Quesenberry's estate, brought this action for wrongful death, alleging that defendants intentionally and maliciously refused to provide necessary medical care to Mr. Quesenberry although they knew that the failure to provide this care would lead to further injury or death.

On 9 October 2009, defendant iSurity, Inc. ("iSurity"), Big Creek's insurance carrier, filed a motion for summary judgment. On 29 October 2009, the trial court allowed iSurity's motion for summary judgment and dismissed plaintiff's complaint with prejudice. On 6 November 2009, plaintiff filed a notice of appeal from the summary judgment order. On 3 May 2010, plaintiff and iSurity entered into a stipulation that Big Creek had never been properly served and thus "[t]he Order granting summary judgment was a final judgment as to all parties, leaving no outstanding or unadjudicated claims pending against iSurity, Inc. and/or any other party or entity." Thus, only iSurity remains as the defendant in this case.

## II. Summary Judgment

[1] Plaintiff first contends that the trial court erroneously allowed defendant's motion for summary judgment and dismissed its complaint because "[t]he case at hand clearly falls within the scope of

*Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222" (1991). "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

> The elements of a *Woodson* claim are: (1) misconduct *by the employer*; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct.

*Pastva v. Naegele Outdoor Adver., Inc.*, 121 N.C. App. 656, 659, 468 S.E.2d 491, 494 (emphasis added), *disc. review denied*, 343 N.C. 308, 471 S.E.2d 74 (1996). The only defendant remaining in this action is iSurity, Inc., plaintiff's employer's insurance carrier. Plaintiff has not identified, nor can we find, any North Carolina case which has recognized a *Woodson* claim as applicable to any party other than the employer. Defendant iSurity, Inc. was never defendant's employer and plaintiff cannot state a *Woodson* claim against this defendant. *See id.* The trial court therefore properly granted defendant's motion for summary judgment.

### III. Motion for Sanctions

**[2]** Defendant filed a motion with this Court for sanctions against plaintiff. Defendant notes numerous failures to comply with the North Carolina Rules of Appellate Procedure in plaintiff's *brief* including violations of Rules 26(g)(1)-(2) and 28(b)(4)-(7). "In *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, our Supreme Court set out the proper analysis for this Court to use when a party fails to comply with the Rules of Appellate Procedure in some respect which does not deprive this Court of jurisdiction[,]" *Honeycutt v. Honeycutt*, —— N.C. App. ——, ——, 701 S.E.2d 689, 691 (2010), such as those violations of which defendant complains. *See Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) ("The final principal category of default involves a party's failure to comply with one or more of the nonjurisdictional requisites prescribed by the appellate rules. . . . Two examples of such rules are those at issue in the present case: Rule 10(c)(1), which directs the form of assignments of error, and *Rule 28(b), which governs the content of the appellant's brief*." (emphasis added)).

GENTRY v. BIG CREEK UNDERGROUND UTILS., INC.

[211 N.C. App. 641 (2011)]

Based on the language of Rules 25 and 34, the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a "substantial failure" or "gross violation." In such instances, the appellate court should simply perform its core function of reviewing the merits of the appeal to the extent possible.

. . . .

In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. The court may also consider the number of rules violated, although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review.

*Id.* at 199-200, 657 S.E.2d at 366-67. As our review has not been impaired nor has the adversarial process been frustrated, we conclude that the violations of which defendant complains of are neither substantial nor gross and as such we will not impose sanctions. *See id.* Accordingly, we deny defendant's motion for sanctions.

IV. Conclusion

As plaintiff's employer is not a party to this action, plaintiff has no *Woodson* claim. As plaintiff cannot bring the claim asserted and as plaintiff's other issue on appeal regarding the record cannot have any bearing on the outcome, we will not address it. Accordingly, we affirm.

AFFIRMED.

Judges BRYANT and BEASLEY concur.