PLOMARITIS v. PLOMARITIS

[222 N.C. App. 94 (2012)]

MAUREEN PLOMARITIS (WARD), Plaintiff v. TITUS PLOMARITIS, JR., Defendant

No. COA11-1554

(Filed 7 August 2012)

**1. Appeal and Error—appellate rules violations—sanctions not required**

Plaintiff's request for sanctions based on defendant's various appellate rules violations was denied. The errors alleged by plaintiff related to nonjurisdictional requirements of the rules, those alleged errors did not impair review, and the adversarial process was not frustrated.

**2. Divorce—equitable distribution—setting aside pretrial order**

The trial court erred by setting aside the pretrial order prior to entry of its equitable distribution judgment. Thus, the trial court's 9 April 2008 order and 14 April 2008 judgment, the trial court's subsequent 8 May 2008, 29 June 2008, 30 April 2010, 30 November 2010, and 11 November 2011 orders were reversed and remanded to the trial court for further proceedings.

Appeal by defendant from judgment entered 14 April 2008, and orders entered 9 April 2008, 30 April 2010, and 30 November 2010 by Judge Joseph E. Turner in District Court, Guilford County. Heard in the Court of Appeals 24 May 2012.

*Hill Evans Jordan & Beatty, PLLC, by Elaine Hedrick Ashley, for plaintiff-appellee.*

*Robert N. Weckworth, Jr., for defendant-appellant.*

STROUD, Judge.

"It is a truism that justice delayed is frequently justice denied." *Rice v. Rigsby*, 259 N.C. 506, 519, 131 S.E.2d 469, 478 (1963). The complaint in this matter was filed in 2003, the equitable distribution trial was held in 2006, and, by this opinion, we unfortunately must reverse the equitable distribution order and remand for a new trial. It is particularly troubling that this case has been so protracted as equitable distribution is one of the few types of claims which has time goals for completion of various steps of the case set forth by statute. *See* N.C. Gen. Stat. § 50-21 (2006). Titus Plomaritis, Jr. ("defendant") appeals from (1) the trial court's 9 April 2008 order setting aside the

trial court's 19 October 2006 pre-trial order; (2) the 14 April 2008 equitable distribution judgment; (3) the 30 April 2010 order granting in part and denying in part defendant's motions for reconsideration and to amend the 14 April 2008 equitable distribution judgment and the 9 April 2008 order; and (4) the 30 November 2010 order granting in part and denying in part defendant's motion for reconsideration of the 30 April 2010 order. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## I. Procedural history

On or about 4 December 2003, Maureen Plomaritis ("plaintiff") filed a complaint against defendant, raising claims for custody of the minor children, child support, alimony, and equitable distribution. On or about 15 March 2004, defendant filed an answer, raising several defenses, including a motion for a change of venue, and a counterclaim for equitable distribution. On 26 March 2004, plaintiff filed a motion to strike defendant's answer and counterclaim, arguing that defendant's pleadings "were not filed timely[.]" On 9 November 2004, the trial court denied defendant's motion for change of venue and allowed defendant's answer and counterclaim. Upon motion by plaintiff, the trial court entered an order awarding plaintiff an interim distribution of "fifty percent" of defendant's retirement account.

On 2 June 2005, plaintiff filed a motion for temporary restraining order and preliminary injunction, alleging that the parties' marital residence was destroyed by fire on 30 November 2003; that an insurance proceeds check was issued and deposited in an account to pay off the outstanding mortgage on that property; that the bank issued one check for the remaining balance to defendant; that defendant deposited it into his bank account; and that this money was marital property. Plaintiff requested that defendant be enjoined from "dissipating, wasting or disposing of the marital property of the parties[.]" On 2 June 2005, the trial court granted plaintiff's motion for a temporary restraining order and scheduled a hearing for a preliminary injunction on 9 June 2005, but, following the hearing, the trial court entered an order denying plaintiff's request for a preliminary injunction and dismissing her temporary restraining order. On 12 October 2006, plaintiff filed a motion in *limine* requesting that the trial court prohibit defendant from introducing evidence that either party was involved in the fire that destroyed their martial residence on 30 November·2003 as evidence surrounding this event was "opinion, speculative, and irrelevant" to the equitable distribution matter. The trial court granted this motion.

PLOMARITIS v. PLOMARITIS

[222 N.C. App. 94 (2012)]

On 19 October 2006, the trial court entered an equitable distribution pre-trial order in which the parties made numerous stipulations regarding values, classifications, and distribution of specific items of marital property; agreed to the identity and value of divisible property and martial debts; set forth the parties' contentions for unequal distribution; and limited the issues in dispute to disagreements between the parties regarding the value, distribution, or classification of other specific properties of the marital estate. The trial court held an equitable distribution trial on 19, 20, 24, 25, 26, and 27 October 2006. At the conclusion of the trial, the trial court made no ruling but took the matter "under advisement[,]" to announce a decision at a later date.

Approximately 18 months after the conclusion of the equitable distribution trial, on 9 April 2008, the trial court, on its own motion and without any prior notice to the parties, entered an order setting aside the 19 October 2006 pre-trial order. On 14 April 2008, the trial court entered an equitable distribution judgment, deciding not only the issues which the parties had disagreed upon in the pre-trial order, but also various issues as to which the parties had stipulated in the pre-trial order which the trial court had recently set aside.

On 21 April 2008, defendant filed a motion for reconsideration and to amend the trial court's order setting aside the pre-trial order and for the court to open the judgment and take additional testimony and amend its judgment. On 24 April 2008, defendant filed a motion for a mistrial, a new trial and for reconsideration of the trial court's 14 April 2008 equitable distribution judgment, alleging that there was insufficient evidence presented at the trial to justify several of the trial court's findings of fact and conclusions of law.[1] A hearing on defendant's motions was continued from 6 October 2008 until January 2009. On 21 April 2009, defendant filed motions to continue and for leave to amend his pending motions for reconsideration, and for a new trial to include new requests for relief based on allegations that plaintiff was the prime suspect in a criminal investigation surrounding the arson of their marital residence on 30 November 2003. Defendant also alleged that plaintiff and Rocky Manning, a witness at the equitable distribution trial, were suspected co-conspirators in two other separate arson attempts of defendant's new home in June and December of 2007, which occurred after the trial but before entry of the trial court's equitable distribution judgment.

1. On 8 May 2008, the trial court entered orders staying the 9 April 2008 order and the 14 April 2008 judgment pending disposition of defendant's motions.

**PLOMARITIS v. PLOMARITIS**

[222 N.C. App. 94 (2012)]

On 29 June 2009, the trial court entered an order granting defendant's motion to leave to amend his original motion for reconsideration, explaining that evidence regarding "a concert of personal interest between the plaintiff and plaintiff's witnesses . . . could have had a significant impact on the valuation of the golf course" and the final ruling on equitable distribution. On 29 June 2009, defendant filed an amended motion for new trial/reconsideration of judgment, including allegations surrounding the arson investigations. Following witness depositions in August, September, and October of 2009, a hearing on defendant's motion for reconsideration was held on 28 October 2009, where new evidence regarding the criminal investigations was taken. The trial court took the matter under advisement and continued the matter for further hearing if necessary, but made no ruling. On 12 April 2010, the trial court entered an order making a partial ruling, denying defendant's motion to set aside the judgment and order and for a new trial based on evidence presented on 28 October 2009. The trial court allowed counsel for both parties to present further argument but not to introduce any additional evidence.[2] On 30 April 2010, the trial court entered an order denying defendant's 21 April 2008 motion regarding the trial court's decision to set aside the pre-trial order; allowing in part defendant's 24 April 2008 motion, amending findings of fact in the 14 April 2008 judgment of equitable distribution regarding two items of marital property which resulted in the modification to the distributive award to plaintiff; and denying the remaining requests in defendant's motion to set aside the equitable distribution judgment and for a new trial.

On 10 May 2010, defendant filed a motion for reconsideration of the 30 April 2010 order. Following a hearing on 30 June 2010, the trial court entered an order on 30 November 2010 allowing in part and denying in part defendant's 10 May 2010 motion for reconsideration of the order filed on 30 April 2010. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 52, the trial court amended the findings of fact in the 30 April 2010 order to state that the alleged misconduct of plaintiff, even if true, would not have altered the equitable distribution judgment and did not constitute newly discovered evidence pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60. The trial court denied the remaining requests of defendant's motion. On 28 December 2010, defendant filed notices of appeal from (1) the trial court's 9 April 2008 order; (2) the 14 April 2008 judgment of equitable distribution; (3) the 30 April

---

2. Transcripts from the 28 October 2009 hearing and the 12 April 2010 order were not included in the record on appeal.

2010 order; and (4) the 30 November 2010 order. On appeal defendant contends (1) that the trial court erred in its 9 August 2008 order in setting aside the 19 October 2006 pre-trial order; (2) that the 18 month delay from the date of trial to the entry of the original judgment on 14 April 2008 and the 31 month delay from the original judgment to the entry of the final amended judgment of 29 November 2010 amounted to a violation of defendant's due process rights; (3) that the trial court erred in not properly considering whether evidence should be re-opened, whether additional findings of fact should be made, or whether there should be a new trial; and (4) the trial court erred by not considering testimony and evidence in this case and disregarded testimony which led to multiple errors in its findings and conclusions, thereby making its rulings unsupported by the evidence, contrary to existing law, and an abuse of discretion.[3] Plaintiff contends on appeal that defendant's appeal should be dismissed for "his numerous violations of and substantial failure to comply with the North Carolina Rules of Appeallate [sic] Procedure." We will address plaintiff's argument first.

## II.  Sanctions

[1]  Plaintiff argues that defendant's brief failed to comply with Rules 9, 26, and 28 of the North Carolina Rules of Appellate Procedure in that the brief does not contain correct citations to the record and transcript, "includes an incorrect Certificate of Service," the table of cases is not in alphabetical order, the summary of facts is argumentative, the brief contains "incorrect date style, lacks an inside caption of the case, utilizes varying fonts and type point changes, incorrect margins for the Index and for quotes within the brief and exceeds the number of pages or words in the brief without permission of this Court." Plaintiff contends that these violations amount to a "substantial failure" or a "gross violation" of the Rules of Appellate Procedure and we "should strike Defendant's brief and as a proper and appropriate sanction, [and] dismiss Defendant's appeal." Defendant raises no argument in response.

In *Gentry v. Big Creek Underground Utils., Inc.*, we addressed a similar motion for sanctions:

> Defendant filed a motion with this Court for sanctions against plaintiff. Defendant notes numerous failures to comply with the North Carolina Rules of Appellate Procedure in plaintiff's brief

---

3. On 11 November 2011, the trial court entered an order denying the parties' motions to quash certain subpoenas and for a protective order.

including violations of Rules 26(g)(1)-(2) and 28(b)(4)-(7). "In *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp.* Co., our Supreme Court set out the proper analysis for this Court to use when a party fails to comply with the Rules of Appellate Procedure in some respect which does not deprive this Court of jurisdiction[,]" *Honeycutt v. Honeycutt*, ____ N.C. App. ____, ____, 701 S.E.2d 689, 691 (2010), such as those violations of which defendant complains. *See Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) ("The final principal category of default involves a party's failure to comply with one or more of the nonjurisdictional requisites prescribed by the appellate rules[.] . . . Two examples of such rules are those at issue in the present case: Rule 10(c)(1), which directs the form of assignments of error, and *Rule 28(b), which governs the content of the appellant's brief.*" (emphasis added)).

Based on the language of Rules 25 and 34, the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a "substantial failure" or "gross violation." In such instances, the appellate court should simply perform its core function of reviewing the merits of the appeal to the extent possible.

. . . .

In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. The court may also consider the number of rules violated, although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review.

*Id.* at 199-200, 657 S.E.2d at 366-67. As our review has not been impaired nor has the adversarial process been frustrated, we conclude that the violations of which defendant complains of are neither substantial nor gross and as such we will not impose sanctions. *See id.* Accordingly, we deny defendant's motion for sanctions.

____ N.C. App. ____, ____, 711 S.E.2d 462, 464 (emphasis in original), *disc. review denied*, 365 N.C. 345, 717 S.E.2d 393 (2011). Likewise, here the errors alleged by plaintiff relate to nonjurisdictional require-

ments of the rules. Those alleged errors have not impaired our review and the adversarial process has not been frustrated. Therefore, the violations of which plaintiff complained of are neither "substantial" nor "gross[,]" *see id.*, and, accordingly, we deny plaintiff's request for sanctions. Next, we turn to address defendant's arguments on appeal.

## III.  The Pre-trial Order

**[2]**  Defendant contends that the trial court erred in setting aside the pre-trial order prior to entry of its equitable distribution judgment. Defendant argues that the trial court was "obligated to follow the terms and conditions of the Pre-Trial Order that had been agreed to by the parties and approved by the Court, as the terms of the pre-trial stipulations were binding and conclusive upon the trial court[.]" Defendant concludes that "[t]he Trial Court's decision, upon its own motion, to set aside the Pre-Trial Order, without notice to either party, is a clear abuse of discretion, amounting to reversible error, warranting that the judgment entered be set aside in its entirely and a new trial be ordered." Plaintiff counters that it was within the trial court's discretion to set aside the pre-trial order. Plaintiff argues that pre-trial stipulations are not binding because Chapter 50 of our General Statutes specifically mandates the trial court to equitably distribute the parties' property and the stipulations here were unworkable and unlikely without further litigation. Plaintiff further argues that the stipulations required the parties to sell real property and divide the proceeds, leaving issues for a future determination and this Court has held equitable distribution is incomplete "when the trial court failed to follow the prescribed three-step process to classify, value and distribute property by *not* distributing the property but providing that property be sold to third parties." (emphasis in original). Plaintiff argues that it is within a trial court's discretion to set aside a stipulation when it is necessary to prevent injustice if the stipulation may require the trial court to award a distributive award not contemplated by the parties which neither party could pay. Plaintiff cites to *Carr v. Carr*, 92 N.C. App. 378, 379, 374 S.E.2d 426, 427 (1988), and *Edwards v. Edwards*, 152 N.C. App. 185, 188, 566 S.E.2d 847, 849-50, *disc. review denied*, 356 N.C. 611, 574 S.E.2d 679 (2002) in support of her arguments.

We must consider several different statutes as well as the applicable local rules in examining the effect of the pre-trial order and the stipulations of the parties in the order and in determining whether the trial court properly set the order aside. We will discuss these statutes starting with the law of general application and concluding with the

statutes and rules specifically applicable to equitable distribution cases. As a general rule, this Court has noted that "[a]ny material fact that has been in controversy between the parties may be established by stipulation." *Estate of Carlsen v. Carlsen*, 165 N.C. App. 674, 678, 599 S.E.2d 581, 584 (2004) (citation omitted).

> "A stipulation is an agreement between counsel with respect to business before a court . . . ." 83 C.J.S. *Stipulations* § 1, at 2. "Courts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties, and such practice will be encouraged." *Rural Plumbing and Heating, Inc. v. H.C. Jones Construction Co., Inc.*, 268 N.C. 23, 32, 149 S.E.2d 625, 631 (1966). " 'While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. . . . ' " *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961) (citation omitted). "Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." *Rural Plumbing and Heating, Inc.*, 268 N.C. at 31, 149 S.E.2d at 631.

*Moore v. Richard W. Farms, Inc.*, 113 N.C. App. 137, 141, 437 S.E.2d 529, 531 (1993). *See Crowder v. Jenkins*, 11 N.C. App. 57, 63, 180 S.E.2d 482, 486 (1971) (stating that "stipulations by the parties have the same effect as a jury finding; the jury is not required to find the existence of such facts; and nothing else appearing, they are conclusive and binding upon the parties and the trial judge." (citations omitted)). Accordingly, "[t]he effect of a stipulation by the parties withdraws a particular fact from the realm of dispute." *Carlsen*, 165 N.C. App. at 678, 599 S.E.2d at 584 (citing *Despathy v. Despathy*, 149 N.C. App. 660, 662, 562 S.E.2d 289, 291 (2002)).

N.C. Gen. Stat. § 1A-1, Rule 16(a) (2006) states that "the judge may in his discretion direct the attorneys for the parties to appear before him for a conference to consider" issues of the case, amendments to the pleadings, admissions of fact and "documents which will avoid unnecessary proof[,]" the number of expert witnesses, a reference of the case, matters of judicial notice, and any other matters "as may aid in the disposition of the action." Rule 16(a)(7) further states, in pertinent part, that

> [i]f a conference is held, the judge may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and *the agreements made by the par-*

*ties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. . . .*

*Id.* (emphasis added).

In addition to the provisions of Rule 16(a)(7), which apply to cases of all types, N.C. Gen. Stat. § 50-21(d) (2006) has specific requirements as to pre-trial conferences, timing, and entry of a final pre-trial order in equitable distribution cases:

(d) Within 120 days after the filing of the initial pleading or motion in the cause for equitable distribution, the party first serving the pleading or application shall apply to the court to conduct a scheduling and discovery conference. If that party fails to make application, then the other party may do so. At the conference the court shall determine a schedule of discovery as well as consider and rule upon any motions for appointment of expert witnesses, or other applications, including applications to determine the date of separation, and shall set a date for the disclosure of expert witnesses and a date on or before which an initial pretrial conference shall be held.

At the initial pretrial conference the court shall make inquiry as to the status of the case and shall enter a date for the completion of discovery, the completion of a mediated settlement conference, if applicable, and the filing and service of motions, and shall determine a date on or after which a final pretrial conference shall be held and a date on or after which the case shall proceed to trial.

The final pretrial conference shall be conducted pursuant to the Rules of Civil Procedure and the General Rules of Practice in the applicable district or superior court, adopted pursuant to G.S. 7A-34. The court shall rule upon any matters reasonably necessary to effect a fair and prompt disposition of the case in the interests of justice.

N.C. Gen. Stat. § 7A-34 (2006) gives the Supreme Court of North Carolina authority to "prescribe rules of practice and procedure for the superior and district courts supplementary to, and not inconsistent with, acts of the General Assembly." Under this authority, the Supreme Court has adopted General Rules of Practice for the

Superior and District Court, and as a part of these General Rules of Practice, Rule 22, entitled "Local court rules," provides that "[i]n order to insure general uniformity throughout each respective judicial district, all trial judges shall observe and enforce the local rules in effect in any judicial district where they are assigned to hold court." The 18th Judicial District, which includes Guilford County, has adopted local rules for District Court, Guilford County, which require the parties to an equitable distribution case to enter into a pre-trial order, in accord with the mandates of N.C. Gen. Stat. § 50-21(d):

> At the conclusion of the foregoing process [which includes filing the complaint, service on the opposing party, calendaring the case, filing out inventory forms, and serving responsive affidavits] but no later than six (6) months from the filing of the Equitable Distribution claim, the moving party shall prepare a Pretrial Order accurately reflecting all of the positions and contentions of both parties.

The Eighteenth Judicial District Local Rule 31.9. The local rules also direct the moving party to follow a form document in creating the pre-trial order, including attached schedules setting forth lists of all property and the extent of the parties' agreement on the classification, valuation, and distribution of that property. *Id.* at Rules 31.10 and 31.11. Also the parties are directed to "work to finalize the Pretrial Order for the Judge's signature." *Id.* at Rule 31.13. The rules state that "[u]nless the Pretrial Order has been signed by all participants, both parties and their respective attorneys must be present in the courtroom at the time of the Final Pretrial Conference so that any additions, deletions and stipulations and any new time-lines may be approved immediately." *Id.* at Rule 31.14. The 19 October 2006 pretrial order and the attached schedules followed this form document, as directed by the local rules.

> This Court has recognized that in equitable distribution cases,

> a pre-trial order containing a stipulation that all property to be classified, evaluated, and distributed . . . [is] binding upon the parties as to all assets classified as marital property. *See Hamby v. Hamby*, 143 N.C. App. 635, 642-43, 547 S.E.2d 110, 114-15 (2001) (where parties stipulated in pre-trial order that retirement and deferred compensation plans were marital property, neither party could later challenge this classification). However, with respect to any property not listed in the pre-trial agreement between the parties, plaintiff has not waived its inclusion in the

equitable distribution. *See Fitzgerald v. Fitzgerald*, 161 N.C. App. 414, 418, 588 S.E.2d 517, 521 (2003) (plaintiff spouse did not waive inclusion of defendant's profit-sharing plan in marital property distribution where parties did not enter into any agreement concerning the plan prior to trial).

*Allen v. Allen*, 168 N.C. App. 368, 373-74, 607 S.E.2d 331, 335 (2005).

The 19 October 2006 "Equitable Distribution Pretrial Order" ("the pre-trial order") was entered in accordance with N.C. Gen. Stat. § 50-21(d), Rule 16(a), and Local Rules 31.9, 31.10, 31.11, 31.13, and 31.14, after the trial court conducted a pre-trial conference. The pre-trial order states that action at the conference included the following: "[t]he parties have reached agreement on certain facts and on certain issues and have delineated the areas of agreement and disagreement." The pre-trial order further states that "[t]he parties, by their signatures affixed hereto, stipulate agreement with the facts and issues represented herein as agreed upon. They further stipulate that the facts and issues represented herein as being in dispute are accurately reflected and are the only issues to be determined by the Court." Specifically, the parties made stipulations in attached "schedules" addressing "all of the property owned by the parties at the date of separation." In Schedule A, the parties agreed to the classification of six items of property as marital, its distribution, and its value. In Schedule B, the parties agreed to the distribution of five other properties but disagreed as to the values. In Schedule C, the parties agreed to the value of six other properties but disagreed as to their distribution. In Schedule D, the parties listed three other properties for which they disagreed as to the value and distribution. In Schedule E, the parties listed two items of property for which they disagreed as to the classification. In Schedule F, the parties listed the divisible property of the parties. Schedule I contained stipulations as to the parties' marital debts. Schedule J listed post separation "debts which each party has paid and for which each party seeks credit in equitable distribution, or in the alternative requests as a distributional factor." The pre-trial order goes on to state

14. The Presiding Judge shall rule on the following:

(a) If the parties do not agree that an equal division is an equitable division of the marital and divisible property, the Judge shall enter an equitable distribution of marital assets and debts.[4]

---

4. The parties did not agree to an equal division, and Schedule G of the pretrial order included the contentions of each party for unequal distribution.

(b) The judge shall decide all issues raised in Schedules B, C, D, E, F, I and J attached hereto.

The order was signed by the trial court, both parties, and counsel for both parties.

The terms of the stipulations in the pre-trial order were "definite and certain[,]" *see Moore*, 113 N.C. at 141, 437 S.E.2d at 531, as they expressed the extent of the parties' agreements regarding many items of marital and divisible property, removing those matters agreed upon from dispute. *See Carlsen*, 164 N.C. App. at 678, 599 S.E.2d at 584. Therefore, these stipulations were binding on all parties and the trial judge, *see Crowder*, 11 N.C. App. at 63, 180 S.E.2d at 486, and this pre-trial order "when entered control[ed] the subsequent course of the action[.]" *See* N.C. Gen. Stat. § 1A-1, Rule 16(a)(7).

Approximately 18 months following the October 2006 equitable distribution trial, and without any prior notice to the parties, the trial court on 9 April 2008, on its own motion, entered an order setting aside the 19 October 2006 pre-trial order, explaining that the

[e]vidence presented and arguments considered by this Court clearly show that strictly following the Pretrial Order distributions will require Defendant to pay a distributive award far in excess of his ability to do so, even over a protracted time period. An appropriate distribution would lessen that burden and make it possible for Defendant to make payments, over time, that will end this case.

Furthermore, these parties have endured long and protracted litigation over all family law claims and shown an inability to agree on major issues between them. The Pretrial Order contemplates leaving the parties responsible for transactions that will require them to agree on price and agent, negotiate and accept offers to purchase at other than agreed upon prices, and properly close the transactions and divide the proceeds within a reasonable time. This appears unworkable and unlikely without further litigation and Court Orders. An appropriate distribution of property in kind would avoid such further litigation[.]

Accordingly, a few days later, on 14 April 2008, the trial court entered an equitable distribution judgment which did not follow the stipulations of the pre-trial order in its division of the parties' property.

We have examined when and how stipulations may be entered and their effect, so now we must consider whether the trial court

properly set aside the stipulations contained in the pre-trial order. Stipulations may be set aside in certain circumstances. This Court has noted that:

> "A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to set aside the stipulation in the court in which the action is pending, on notice to the opposite party." *Norfolk S. R. Co. v. Horton* and *R.R. Co. v. Oakley*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969). "Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto." *Id.* Whether a motion is "seasonably made," however, cannot be determined with mathematical precision. *Cf. Willoughby v. Wilkins*, 65 N.C. App. 626, 641, 310 S.E.2d 90, 100 (1983) (applying "seasonably" in context of Rule 26(e)(1) of the North Carolina Rules of Civil Procedure), *disc. review denied*, 310 N.C. 631, 315 S.E.2d 698 (1984). *Compare In re Marriage of Jacobs*, 128 Cal. App. 3d 273, 180 Cal. Rptr. 234 (Ct. App. 1982) (motion to set aside a stipulation filed six months after date of judgment was timely) *with Hawai'i Housing Authority v. Uyehara*, 77 Haw. 144, 883 P.2d 65 (Haw. 1994) (motion to set aside stipulation filed over three years after entry of judgment was untimely).

*Lowery v. Locklear Constr.*, 132 N.C. App. 510, 513-14, 512 S.E.2d 477, 479 (1999). Here, neither party made a request to set aside the pre-trial order. In fact, it appears that the parties were still in agreement on the stipulations during the six days of trial, as the evidence presented was directed to the areas of disagreement as stated in the schedules of the pre-trial order. We also note that this is an equitable distribution case, where a pre-trial order including stipulations such as those in this case is required by N.C. Gen. Stat. § 50-21(d) and Local Rule 31.9. In equitable distribution cases, because of the requirements of statute and local rules, the stipulations are frequently quite extensive and precise and are specifically intended to limit the issues to be tried, and the same is true in this case. *Accord Wall v. Wall*, 140 N.C. App. 303, 310, 536 S.E.2d 647, 652 (2000) (noting that "[p]laintiff and defendant engaged in years of discovery and negotiation, followed by the execution of a detailed, 38-page pretrial order. Such an order is designed to narrow the issues, save trial time and expense, and lead to a just result.") Neither party has cited, and we cannot find, any prior opinion by our Court in which a trial court has *ex mero motu* set aside a pre-trial order or a party's stipulations *after*

completion of the trial upon the issues which the stipulations addressed. However,

> [i]t is generally recognized that it is within the discretion of the court to set aside a stipulation of the parties relating to the conduct of a pending cause, where enforcement would result in injury to one of the parties and the other party would not be materially prejudiced by its being set aside." 73 Am. Jur. 2d *Stipulations* § 13 (1974). "A stipulation entered into under a mistake as to a material fact concerning the ascertainment of which there has been reasonable diligence exercised is the proper subject for relief." *Id.*, § 14. Other proper justifications for setting aside a stipulation include: misrepresentations as to material facts, undue influence, collusion, duress, fraud, and inadvertence.

*Lowery*, 132 N.C. App. at 514, 512 S.E.2d at 479. There is no indication of "misrepresentations of material fact, undue influence, collusion, duress, fraud, or inadvertence" raised in this case as potential reasons for setting aside the stipulations. Plaintiff's arguments and the trial court's explanation in the 9 April 2008 order setting aside the pretrial order seem to be premised upon prevention of "manifest injustice[.]" *See* N.C. Gen. Stat. § 1A-1, Rule 16(a)(7). Although it may be appropriate for a trial court on its own motion to set aside a parties' stipulation for one of the reasons stated in *Lowery* or to prevent "manifest injustice[,]" there are limits to the court's discretion to set aside a stipulation. First, Rule 16(a)(7) itself states that a stipulation may be "modified *at the trial* to prevent manifest injustice." N.C. Gen. Stat. § 1A-1, Rule 16(a) (emphasis added). Modification of a stipulation *at the trial* gives all parties immediate notice of the modification and allows the parties the opportunity to present additional evidence which may be required based upon the elimination of the stipulation. Here, the modification, or actually elimination, of the stipulations occurred after completion of the trial, *ex mero motu*, and without any notice or opportunity to respond to the modification. Although the trial court did grant portions of some of defendant's motions filed after entry of the original equitable distribution judgment, the trial court did not set aside or modify its order setting aside the stipulations contained in the pre-trial order.

Due process rights create another limitation upon the trial court's discretion to set aside a pre-trial order. Courts do not have authority to change provisions of an order which affect the rights of the parties without notice and an opportunity for hearing.

> The courts have always had inherent authority to correct clerical errors in orders and judgments, but they do not have the power to amend or vacate an order or judgment so as to affect the rights of the parties, without giving the parties notice and an opportunity to be heard. *Vandooren v. Vandooren,* 27 N.C. App. 279, 218 S.E. 2d 715 (1975). "No person shall be . . . in any manner deprived of his . . . property, but by the law of the land." N.C. Const. art. I, § 19. The "law of the land" requires notice and opportunity to be heard. *In re Wilson,* 257 N.C. 593, 126 S.E. 2d 489 (1962); *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717 (1950).

*Utica Mut. Ins. Co. v. Johnson,* 41 N.C. App. 299, 301, 254 S.E.2d 643, 644 (1979). Just as a party requesting to set aside a stipulation would have to give notice to the opposing parties, *see Lowery,* 132 N.C. App. at 513, 512 S.E.2d at 479, and the opposing parties would have an opportunity for hearing upon the request, the trial court cannot own its own motion set aside a pre-trial order containing the parties' stipulations after the case has been tried in reliance upon that pre-trial order, "without giving the parties notice and an opportunity to be heard." *See Utica Mut. Ins. Co.,* 41 N.C. App. at 301, 254 S.E.2d at 644. This is especially true in this case, where the parties had tried the case in reliance upon those stipulations, and the trial court waited over 18 months before setting aside the pre-trial order containing the stipulations. The parties received no notice and there was no hearing before the trial court set aside the pre-trial order which included the parties' stipulations and then entered the equitable distribution order in contravention to those stipulations. As noted above, the local rules required the pre-trial order, and all parties and their counsel were to agree on "any additions, deletions and stipulations" to this pre trial order prior to the trial court signing the order. *See* The Eighteenth Judicial District Local Rules 31.9, 31.13, and 31.14. Although the trial court may have been correct that adherence to the stipulations may have required a large distributive award which defendant would not have been able to pay, and the trial court was surely correct that "these parties have endured long and protracted litigation over all family law claims and shown an inability to agree on major issues between them[,]" the fact remains that the case was tried based upon the pre trial order, and at the very least, the trial court was required to give the parties notice of its intent to set aside the pre-trial order, the opportunity to address the issue, and the opportunity to present additional evidence as necessary based upon the elimination of the stipulations, before entering an equitable distribution judgment. Accordingly, we reverse the 9 April 2008 order setting aside the 19

October 2006 pre-trial order.[5] As the trial court's subsequent 14 April 2008 equitable distribution judgment is based on the trial court's order setting aside the pre-trial order, we also reverse that judgment. This ruling also reverses the remaining trial court orders at issue in this case as they were all based upon the trial court's original equitable distribution judgment, which includes the 8 May 2008, 29 June 2008, 30 April 2010, 30 November 2010, and 11 November 2011 orders.

Since it has now been nearly six years since the equitable distribution trial[6], and the trial court must consider increases and decreases in the values of the parties' marital and divisible property and possible changes in distributional factors since the date of separation, the trial court must on remand conduct a new equitable distribution trial. Because the previous orders noted above are reversed, on remand the trial court should also address *de novo* any issues raised by the parties as to the circumstances surrounding the 2003 and 2006 arson investigations, so we need not address defendant's remaining arguments as to these issues on appeal. Based upon this opinion, the pre-trial order of 19 October 2006 stands, but because of the extraordinary length of time since entry of that pre-trial order, we anticipate that modification of that order will be necessary on remand and this opinion does not in any way prevent modification of the pre-trial order upon motion of either party or as required by the trial court, as long as it is done prior to the equitable distribution trial with proper notice and opportunity for hearing to the parties.

Even though we have reversed the trial court's equitable distribution judgment and order and thus need not make any ruling upon defendant's due process arguments, we cannot ignore the 18 month delay between the equitable distribution trial and entry of the judgment. In *Wall v. Wall*, this Court addressed a 19 month delay from the date of the equitable distribution trial to the entry of judgment:

> Defendant argues that his due process rights under both the United States Constitution and the North Carolina Constitution were violated by the delay of 19 months from the date of trial to the entry of judgment in this matter. Defendant argues that an overall goal of our Equitable Distribution Act is "winding up the

---

5. The cases relied on by plaintiff in support of her argument are not controlling as they do not address a pretrial order or stipulations by the parties.

6. Because of defendant's post-trial motions filed mostly in response to the order setting aside the pre-trial order, the final equitable distribution order was not entered until over four years after the conclusion of the trial.

marriage and distribut[ing] the marital property fairly with as much certainty and finality as possible." *Lawing v. Lawing*, 81 N.C. App. 159, 183, 344 S.E.2d 100, 115 (1986).

We recognize there is inevitably some passage of time between the close of evidence in an equitable distribution case and the entry of judgment. That is particularly true in a lengthy, complicated matter such as the case before us. Competent counsel for the parties carried out extensive discovery, submitted numerous legal briefs and responded to the briefs filed by their opponents.

In many cases, a delay in the entry of judgment for 30 or 60 days following trial would not be prejudicial because there would be little or no change in the situation of the parties or the values assigned to the items of property. In this case, however, there was a nineteen-month delay between the date of trial and the date of disposition. This was more than a *de minimis* delay, and requires that the trial court enter a new distribution order on remand. Where there is such an extensive delay, even though it be due to factors beyond the trial court's control, we believe it would be consistent with the goals of the Equitable Distribution Act that the trial court allow the parties to offer additional evidence as to any substantial changes in their respective conditions or post-trial changes, if any, in the value of items of marital property.

Thus, on remand, the trial court must reconsider the evidence of the increase in value of the husband's profit-sharing plan following separation, treating such increase as a distributional factor, rather than attempting to divide the increase. Further, the trial court must reconsider the evidence offered by the husband on the state of his health, make appropriate findings about the evidence, and give it appropriate weight in making a new distribution decision. Finally, the trial court must give the parties an opportunity to offer evidence on the changes, if any, in value of the marital property since the trial of this matter. The trial court is then to make a new distribution order.

140 N.C. App. 303, 313-14, 536 S.E.2d 647, 654 (2000). Although this Court has also noted "that the **delayed entry** of the equitable distribution order, **standing alone**" does not necessarily entitle an appellant to a new trial as a matter of law, *Britt v. Britt*, 168 N.C. App. 198, 203, 606 S.E.2d 910, 913 (2005) (emphasis in original), we believe that the factual situation presented by this case does demonstrate prejudice to the defendant. As the 18 month delay "was more than a *de*

minimis delay" and was prejudicial under the facts of this case, it would require a new hearing for the parties to provide additional evidence as to changes in the values of marital and divisible property and distributional factors. However, as we have already remanded for a new trial as to all issues, as determined above, such an order is unnecessary. We only regret that there is no way that we, or the trial court, can repair all of the damage which may have been done by the extensive delay in the completion of this equitable distribution matter. We trust that on remand the equitable distribution judgment will be entered promptly after the trial.

For the foregoing reasons, we reverse the trial court's 9 April 2008 order and 14 April 2008 judgment, the trial court's subsequent 8 May 2008, 29 June 2008, 30 April 2010, 30 November 2010, and 11 November 2011 orders, and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges CALABRIA and McCULLOUGH concur.