PATRICIA CRUMBLEY v. CHARLES WILLIAM CRUMBLEY

No. 8327DC886

(Filed 21 August 1984)

**Divorce and Alimony § 21.9— property devised to party by father—separate property—no equitable distribution**

    The trial court did not err in concluding that part of a lot was defendant's separate property not subject to equitable distribution where the court found that the lot was originally defendant's separate property, having been devised to him by his father; part of the lot received back from defendant's mother was in exchange for that separate property; the conveyance contained no statement expressing an intention for the part conveyed to be regarded as marital property; and the fact that the conveyance back from defendant's mother was to both parties was immaterial. G.S. 50-20(b)(2).

APPEAL by plaintiff from *Phillips, J. Ralph, Judge.* Judgment entered 8 June 1983 in District Court, GASTON County. Heard in the Court of Appeals 10 May 1984.

The parties married in 1962, separated in 1980, and were divorced in this action in 1982. Thereafter, by separate judgments, the trial court undertook to equitably distribute the personal and real property owned by the parties. The disposition made of the personal property was not objected to by either party; and plaintiff's appeal from the judgment distributing the real property challenges only the determination that a house and lot situated at 203 Bessemer City Road in Gastonia is defendant's separate property and therefore not subject to equitable distribution under the provisions of G.S. 50-20 and G.S. 50-21.

The circumstances relating to this question follow: In 1968, defendant was devised the house and lot in question by the will of

his father and by the same instrument his brother, Floyd, received an adjoining house and lot situated at 201 Bessemer City Road. In 1972, they discovered that, due to an earlier surveying mistake, part of Floyd's house was situated on defendant's lot. Their mother, who was interested in an amicable and expeditious resolution of this problem, told defendant she would deed him some other land to make up for it if he would deed Floyd the part of lot 203 that Floyd's house and yard were on. In furtherance of this plan, defendant deeded lot 203 to her, she in exchange deeded the part needed by Floyd to him, and deeded the rest of the lot to defendant and plaintiff as husband and wife. In 1974, defendant's mother also deeded a .38 acre parcel of land behind lot 203 to him and plaintiff as husband and wife. Shortly thereafter, plaintiff and defendant bought lot 201 from his brother. In the judgment of equitable distribution, the court found facts substantially as above stated and concluded that (1) lot 201 was marital property, since the parties purchased it during their marriage; (2) the .38 acre parcel behind lot 203 received from defendant's mother was marital property because it was a gift to the parties during the marriage; and (3) the residue of lot 203 was his separate property, though the deed therefor was in the names of both parties, since it was received in exchange for the separately owned lot conveyed earlier to his mother.

*Guller and Kakassy, by Thomas B. Kakassy, for plaintiff appellant.*

*Frank Patton Cooke, by H. Randolph Sumner, for defendant appellee.*

PHILLIPS, Judge.

The evidence upon which the judgment appealed from is based was not brought forward in the record. It must be presumed, therefore, that the findings of fact made by the trial judge are supported by competent evidence. *Carter v. Carter,* 232 N.C. 614, 61 S.E. 2d 711 (1950). In concluding from the facts found that the property located at 203 Bessemer City Road is the defendant's separate property and therefore not subject to equitable distribution, the court only did what our Equitable Distribution Act required, and the judgment is affirmed.

"Separate property" of a spouse as defined by G.S. 50-20(b)(2) is not subject to equitable distribution. Under that statute, property acquired by a spouse by bequest, devise, or descent is that spouse's "separate property," and "[p]roperty acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance." Thus, under the express terms of G.S. 50-20(b)(2), the property involved is defendant's "separate property," and that the conveyance back from his mother was to both parties is immaterial. The whole lot was his "separate property" to start with, since it was devised to him by his father; the part received back was in exchange for that separate property; and the conveyance contained no statement expressing an intention for the part conveyed to be regarded as marital property.

Affirmed.

Judges HEDRICK and ARNOLD concur.