ELIZABETH DESPATHY, Plaintiff v. WILFRED DESPATHY, Defendant

No. COA01-436

(Filed 2 April 2002)

**Divorce— equitable distribution—deviation from stipulations**

The trial court did not abuse its discretion in an equitable distribution case by deviating from the parties' stipulations that a 1967 Buick "should be distributed to wife" and a 1970 Buick "should be distributed to husband," because: (1) the language of the stipulations disputed by the parties in the present case failed to definitively dispose of the issue of ownership of the vehicles since the language was permissive rather than mandatory; and (2) the parties could have removed this issue from the trial court's consideration if they desired to do so.

Appeal by defendant from judgment entered 30 January 2001 by Judge Earl J. Fowler in Buncombe County District Court. Heard in the Court of Appeals 31 January 2002.

*Carol B. Andres for plaintiff appellee.*

*Cecilia Johnson for defendant appellant.*

TIMMONS-GOODSON, Judge.

On 4 August 1999, Elizabeth Despathy ("plaintiff") filed a complaint against her husband, Wilfred Despathy ("defendant"), in Buncombe County District Court seeking, among other relief, a divorce from bed and board and equitable distribution of the marital assets. The parties thereafter submitted for approval by the trial

court twenty-three stipulations regarding equitable distribution, including the following:

10. The 1967 Buick.

This car is in Wife's possession and should be distributed to Wife.

No lien.

11. The 1970 Buick.

This car is in Husband's possession and should be distributed to Husband.

No lien.

The trial court approved the stipulations. In its equitable distribution judgment filed 30 January 2001, however, the trial court deviated from the stipulations, awarding the 1970 Buick to plaintiff and the 1967 Buick to defendant. In a document entitled "Letter of Opinion," the trial judge informed the parties' attorneys that he would "distribute the more valuable '67 Buick to [defendant], and the '70 Buick to [plaintiff]" because "[defendant] is the collector, and because it helps reduce the final Distributive Award [plaintiff] will owe to him." Defendant now appeals to this Court.

---

The dispositive issue on appeal is whether the trial court was obligated under the terms of the pre-trial stipulations to award the 1967 Buick automobile to plaintiff and the 1970 Buick automobile to defendant. Under the facts of the present case, we conclude that the trial court was not bound by the stipulations, and we therefore affirm the order of the trial court.

The division of marital property is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing by the appellant of abuse of that discretion. *See Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E.2d 567, 569-70 (1986). "[T]he trial court's rulings in equitable distribution cases receive great deference and may be upset only if they are so arbitrary that they could not have been the result of a reasoned decision." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986).

North Carolina General Statutes section 1A-1, Rule 16, allows a trial judge "in his discretion [to] direct the attorneys for the parties [in any action] to appear before him for a conference." N.C. Gen. Stat. § 1A-1, Rule 16(a) (1999). Further,

> [i]f a conference is held, the judge may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

N.C. Gen. Stat. § 1A-1, Rule 16 (a)(7) (1999). "An admission in a pleading or a stipulation admitting a material fact becomes a judicial admission in a case and eliminates the necessity of submitting an issue in regard thereto to the jury." *Crowder v. Jenkins*, 11 N.C. App. 57, 62, 180 S.E.2d 482, 485 (1971). Judicial admissions "are binding on the pleader as well as the court." *Universal Leaf Tobacco Co. v. Oldham*, 113 N.C. App. 490, 493, 439 S.E.2d 179, 181, *disc. review denied*, 336 N.C. 615, 447 S.E.2d 412 (1994); *see also Buie v. High Point Associates Ltd. Partnership*, 119 N.C. App. 155, 158, 458 S.E.2d 212, 215 (noting that judicial admissions are conclusive upon the parties and the trial judge), *disc. review denied*, 341 N.C. 419, 461 S.E.2d 755 (1995).

Defendant argues that the stipulations entered into between the parties regarding ownership of the Buick vehicles were binding and conclusive upon the trial court, and that the trial court therefore erred in failing to abide by the terms of the stipulations. Plaintiff contends that it was within the trial court's discretion to deviate from the pre-trial order and award plaintiff the less valuable automobile. We agree with plaintiff.

The purpose of a stipulation is to "limit[] the issues for trial to those not disposed of by admissions or agreements of counsel." N.C. Gen. Stat. § 1A-1, Rule 16 (a)(7). The normal effect of a stipulation by the parties is the " 'withdraw[al] [of] a particular fact from the realm of dispute.' " *Crowder*, 11 N.C. App. at 62, 180 S.E.2d at 486 (quoting Stansbury, *N.C. Evidence* 2d § 166).

The language of the stipulations disputed by the parties in the present case, however, failed to definitively dispose of the issue of ownership of the Buick vehicles. Rather than assigning ownership of the automobiles to one party or the other, the stipulations stated that the 1967 Buick "*should* be distributed to Wife" and that the 1970 Buick "*should* be distributed to Husband" (emphasis added). As such, the stipulations regarding the automobiles did not remove the issue

GUILFORD CTY. EX REL. MANNING v. RICHARDSON

[149 N.C. App. 663 (2002)]

of their distribution from dispute, and under the plain language of the stipulations, the trial court was not bound to abide by the parties' suggestions concerning distribution of the vehicles. The equivocal nature of the stipulations is even more apparent when contrasted with the other stipulations contained in the pre-trial order. For example, the parties stipulated that all "[p]ersonal property . . . . [h]as been divided equally." The trial court therefore did not address the issue of the parties' personal property in its equitable distribution judgment, as that issue had been properly "withdrawn from the realm of dispute." Further stipulations listed various assets and debts of the parties, followed by the words "DISTRIBUTION: HUSBAND." Accordingly, the trial court assigned such assets and debts to defendant. Thus, if the parties had desired to remove from the trial court's consideration the issue of ownership of the Buick automobiles, they could have done so. Because the language of the stipulations regarding the automobiles was permissive rather than mandatory, we hold that the trial court could properly award the automobiles according to its discretion.[1] We therefore affirm the judgment of the trial court.

Affirmed.

Judges BRYANT and SMITH concur.

———

1. In so holding, we note that the better practice would have been for the trial judge to have immediately notified the parties of his intent to modify the distributive award when he realized that an equitable distribution of the marital assets required a slight deviation from the apparent desires of the parties as reflected in the pre-trial stipulations, thus allowing the parties the opportunity to re-evaluate and potentially re-value the marital assets in order to reach a final award amenable to both sides.