TYSON, Judge.
 

 *307
 
 Plaintiff, Jeanne Lund ("Wife"), appeals from the trial court's revised equitable distribution order, entered after this Court's remand for further findings of fact. We affirm.
 

 I. Background
 

 Wife and Defendant ("Husband") married on 14 February 1997, separated on 5 January 2013, and divorced on 6 February 2014. Prior to the date of absolute divorce, Wife had sued Husband for equitable distribution and sought an
 
 unequal
 
 distribution of the marital estate. Husband answered and counterclaimed for an equitable and equal distribution of the marital estate. The matter came before the trial court and was heard during a four-day trial. On 11 August 2014, the trial court entered an equitable distribution order, which divided the marital estate equally.
 

 The trial court heard testimony regarding the value of the former marital residence located at 403 Sugar Hollow Drive, Fairview, North Carolina. Three licensed real estate appraisers testified as expert witnesses regarding the fair market value of the marital residence. Two of the appraisers testified on behalf of Wife. Mark Morris, Husband's witness, opined $263,000.00 was the value of the marital residence on the date of separation.
 

 The court found Mr. Morris was the only appraiser to testify and opine to the value of the marital residence on the date of separation. The court found Mr. Morris's testimony as credible, determined $263,000.00 to be the value of the marital residence, and distributed that property to Husband.
 

 The trial court further found that neither party had presented evidence regarding the value of the marital home at the date of distribution. The court concluded there was no divisible property in connection with the marital home, since neither party had presented evidence tending
 
 *308
 
 to show any increase or decrease in value of the home during the time period between the parties' separation and distribution of the property.
 

 Wife appealed the 11 August 2014 order to this Court. This Court reversed the trial court's finding "that neither party introduced evidence of divisible property associated with any passive increase (or decrease) in value of the marital home during the period of separation[.]"
 
 Lund v. Lund
 
 , --- N.C. App. ----, ----,
 
 779 S.E.2d 175
 
 , 184 (2015) ("
 
 Lund I
 
 "). This Court remanded the issue to the trial court "for more findings on this issue," and to revise the order, if necessary, to achieve an equitable division of the parties' marital property.
 
 Id
 
 . The trial court did not hear, receive, or consider further evidence upon
 
 *426
 
 remand, and entered a revised order on 1 April 2016. Wife appeals.
 

 II. Issues
 

 Wife argues the trial court erred by: (1) finding Wife's evidence on the value of the marital home was speculative and not credible; (2) failing to value and distribute, as divisible property, the increase in value of the marital home from the date of separation through the date of trial; (3) failing to properly consider the unequal distributional factors raised by Wife and to make appropriate findings of fact with regard to those factors; and, (4) failing to conduct a further hearing on remand as to the date of distribution valuations and unequal distribution factors.
 

 III. Standard of Review
 

 Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.
 

 Wiencek-Adams v. Adams
 
 ,
 
 331 N.C. 688
 
 , 691,
 
 417 S.E.2d 449
 
 , 451 (1992) (citations omitted). The trial court's findings of fact are conclusive on appeal, if supported by competent evidence.
 
 See
 

 Alexander v. Alexander
 
 ,
 
 68 N.C.App. 548
 
 , 552,
 
 315 S.E.2d 772
 
 , 776 (1984).
 

 N.C. Gen. Stat. § 50-20
 
 requires the trial court to conduct a three-step analysis when making an equitable distribution of the marital assets: (1) classify the property, (2) calculate the net value of the property, fair market value less encumbrances, and (3) distribute the property in an equitable manner.
 
 See
 

 Cable v. Cable
 
 ,
 
 76 N.C.App. 134
 
 , 137,
 
 331 S.E.2d 765
 
 , 767,
 
 disc. review denied
 
 ,
 
 315 N.C. 182
 
 ,
 
 337 S.E.2d 856
 
 (1985). An equal division of the marital property is required unless, in the exercise
 
 *309
 
 of its discretion, the court determines an equal distribution is inequitable.
 
 N.C. Gen. Stat. § 50-20
 
 (c) (2015).
 

 IV. Value of the Marital Residence
 

 Wife argues the trial court abused its discretion by finding her testimony regarding the value of the marital residence not credible, and by failing to value and distribute the increase in value of the marital home between the dates of separation and distribution. We disagree.
 

 A passive increase or decrease in the value of the marital residence between the date of separation and date of distribution is divisible property and must be distributed by the trial court.
 
 N.C. Gen. Stat. § 50-20
 
 (b)(4)(a) (2015). Marital property is valued as of the date of separation, while divisible property is valued as of the date of distribution.
 
 N.C. Gen. Stat. § 50-20
 
 (b) (2015). The trial court's initial order stated that no evidence was presented regarding the value of the marital home as of the date of distribution. In her prior appeal, Wife argued she did, in fact, present evidence through her own opinion that the marital home was valued at $300,000.00 on the date of distribution.
 
 See
 

 Lund I
 
 , --- N.C. App. at ----,
 
 779 S.E.2d at 182
 
 .
 

 The trial court found none of the three appraisers had opined to the value of the marital home on the date of distribution. The trial court addressed Wife's testimony in its revised order. The court found that Wife had testified she "would like to say" the value of the home was between $290,000.00 and $300,000.00 at the time of separation, and at the time of trial "she would like to say [the value was] closer to $300,000.00." The trial court declined to "choose from a range of values and [found] Plaintiff's testimony to be speculative." The court also specifically determined Wife's testimony and estimates of the value of the marital home was speculative and not credible. The court found "[n]either party presented credible evidence of a date of distribution value which differs from the date of separation value relied upon by the Court." The court again concluded no divisible property existed to distribute with regard to the marital home.
 

 As our Court recognized in
 
 Lund I
 
 , "a finding by the trial court of 'no
 
 credible
 
 evidence' being presented on the issue would not have been error, since the trial court is free to give any weight (or no weight) to any evidence presented."
 
 Id
 
 . (citing
 
 Bodie v. Bodie
 
 ,
 
 221 N.C.App. 29
 
 , 38,
 
 727 S.E.2d 11
 
 , 18 (2012) ) (emphasis original). Upon remand,
 
 *427
 
 the trial court made findings regarding Wife's testimony of the value of the marital residence, and specifically found her testimony was not credible. This determination rests within the discretion, duty, and prerogative of
 
 *310
 
 the trial court, and will not be disturbed on appeal, when supported by findings of fact.
 
 Id
 
 .
 

 Myron Creson, one of the appraisers called by Wife, presented the court with a written report stating his opinion of the value of the marital residence as of 23 January 2014, approximately four months prior to the commencement of trial. Wife argues Mr. Creson's appraisal was evidence of the increased value of the property at the time of trial. The trial court made no finding on the specific value amount Mr. Creson had opined. The court found "[n]o appraiser called by either party provided an opinion of the date of distribution value of the marital home." The equitable distribution order was entered in August 2014, approximately eight months after the date of Mr. Creson's appraisal. Apparently, the trial court determined Mr. Creson's opinion was too remote in time to be considered a date of distribution value. Wife has failed to show this determination was manifestly unsupported by reason to amount to an abuse of discretion.
 
 Wiencek-Adams,
 

 331 N.C. at 691
 
 ,
 
 417 S.E.2d at 451
 
 . Wife's arguments related to the increased value of the marital home are overruled.
 

 V. Consideration of Distributional Factors
 

 Wife argues the trial court failed to properly consider distributional factors she presented at trial and failed to make appropriate findings of fact with regard to these factors.
 

 In her brief, Wife sets forth, in detail, twelve distributional factors she claims were not properly considered by the trial court in making its equal distributive award. The only material changes to the trial court's order on remand are discussed above and pertain to the value of the marital residence.
 

 In her initial appeal before this Court, Wife argued the trial court erred by classifying, valuing, and distributing certain marital and divisible property, and by determining an equal distribution of the marital property was equitable.
 
 See
 

 Lund I
 
 , --- N.C. App. at ----,
 
 779 S.E.2d at 177
 
 .
 

 A review of Wife's appellant brief before this Court in
 
 Lund I
 
 shows Wife
 
 made the identical argument
 
 before this Court in her previous appeal. She set forth,
 
 word for word,
 
 the same factors she now claims support an unequal distribution award. This Court rejected Wife's argument in
 
 Lund I
 
 , and held the trial court did not abuse its discretion in determining an equal distribution was equitable. --- N.C. App. at ----,
 
 779 S.E.2d at 178
 
 . Wife's attempt to have this Court reconsider an issue previously considered and ruled upon is improper and dismissed.
 
 See
 

 *311
 

 Lea Co. v. N.C. Bd. of Transp.
 
 ,
 
 323 N.C. 697
 
 , 699,
 
 374 S.E.2d 866
 
 , 868 (1989) ("A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.").
 

 VI. Hearing After Remand
 

 Wife argues a hearing was required upon remand in April 2016 to determine values of the property and distributional factors at that time, and the trial court erred by failing to conduct a further hearing. We disagree.
 

 The trial court followed this Court's mandate to consider and make findings upon remand to determine the existence of divisible property with regard to the marital residence. The trial court considered the competent evidence it had received at trial and made further findings. No further hearing was required to address the mandate of this Court. In
 
 Lund I
 
 , this Court affirmed the trial court's determination that an equal division of the marital estate was equitable.
 
 Lund I
 
 included no mandate to the trial court to consider additional evidence on that issue. Wife's argument is overruled.
 

 VII. Conclusion
 

 Wife has failed to show the trial court abused its discretion by determining Wife's testimony was not credible regarding the date of distribution value of the marital residence and by finding no evidence showed the value of the marital residence on the date of distribution. The trial court was not mandated
 
 *428
 
 in
 
 Lund I
 
 to hold a new hearing upon remand.
 

 Wife's argument pertaining to the trial court's consideration of distributional factors and conclusion that an equal division is equitable was raised and considered during Wife's initial appeal in
 
 Lund I
 
 and is dismissed. The revised equitable distribution order entered by the trial court upon remand is affirmed.
 
 It is so ordered
 
 .
 

 AFFIRMED.
 

 Judges ELMORE and Judge DIETZ concur.