An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-869

Filed 16 July 2025

Granville County, No. 22CVD000674-380

SARA WALSH, Plaintiff,

v.

BENJAMIN WALSH, Defendant.

Appeal by defendant from order entered 4 March 2024 by Judge Caroline S. Burnette in Granville County District Court. Heard in the Court of Appeals 22 April 2025.

> *Raleigh Divorce Law Firm, by Jennifer Sinclair Simpkins and Xavier J. McLean, for plaintiff-appellee.*
>
> *Scott Allen for defendant-appellant.*

ZACHARY, Judge.

Defendant Benjamin Walsh appeals from the trial court's equitable distribution order. After careful review, we affirm in part, reverse in part, and remand.

## I.  Background

Plaintiff Sara Walsh and Defendant married in 2015 and separated in 2022.

On 10 February 2023, Plaintiff filed a complaint for equitable distribution in Granville County District Court. Defendant filed his answer and counterclaim on 5 May 2023.[1] Both parties sought an unequal distribution of property in their own favor.

On 28 November 2023, the trial court entered a final pretrial order containing the parties' stipulations. These stipulations included agreements concerning the classification and valuation of various real and personal property, and the parties' determinations as to how it should be distributed.

The equitable distribution matter came on for hearing in Granville County District Court on 21 February 2024. On 4 March 2024, the trial court entered an equitable distribution order. In its order, the court determined that "[a]n equal division is equitable in this matter" and made various findings regarding the classification, valuation, and distribution of the parties' real and personal property. Among other things, the court ordered that Defendant refinance the mortgages on the marital residence "into his sole and separate name" and pay a distributive award of $447,502.32 to Plaintiff at the closings of the refinances. If Defendant were unable to refinance the mortgages, the court ordered that the residence be listed for sale either until it sold or the parties agreed otherwise in writing.

---

[1] By a consent order entered on 16 May 2023, this matter was consolidated with related actions, including those concerning custody, child support, and attorney's fees. By the time of the equitable distribution order's filing, the issues of custody and child support had been resolved.

Defendant timely filed notice of appeal from the trial court's order.

## II. Discussion

Defendant raises several arguments on appeal from the equitable distribution order. Principally, he argues that the trial court made various errors in calculating the distribution and improperly made an unequal distribution to Plaintiff without finding that an unequal distribution would be equitable. Plaintiff acknowledges that remand is necessary to address these issues, and we agree.

Defendant also argues that although the trial court is tasked with valuing marital property as of the date of separation, in the case at bar, no competent evidence supports the court's valuations of the marital residence and three pieces of business property as of the date of separation. Finally, Defendant contends that the court erred by "ordering the marital residence to be sold and the mortgages to be refinanced when the parties stipulated that the mortgages and marital residence would be distributed to Defendant." With respect to these issues, we disagree.

### A. Standard of Review

This Court reviews an equitable distribution order to determine whether "there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary." *Klein v. Klein*, 290 N.C. App. 570, 577, 892 S.E.2d 894, 903 (2023) (citation omitted).

"A trial court is vested with wide discretion in family law cases, including equitable distribution cases. Accordingly, a trial court's ruling in an equitable distribution award will be disturbed only if it is so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 577–78, 892 S.E.2d at 903 (cleaned up). "Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion." *Id.* at 578, 892 S.E.2d at 903 (citation omitted).

## B. Analysis

Equitable distribution is governed by N.C. Gen. Stat. § 50-20, which sets forth "a three-step process; the trial court must (1) determine what is marital and divisible property; (2) find the net value of the property; and (3) make an equitable distribution of that property." *Id.* (citation omitted); N.C. Gen. Stat. § 50-20 (2023). "Furthermore, in doing all these things the court must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness." *Klein*, 290 N.C. App. at 578, 892 S.E.2d at 903 (citation omitted).

This appeal does not concern the classification step; Defendant's issues arise from the valuation and distribution steps of the process. We thus begin with Defendant's arguments concerning valuation and then proceed to his distribution claims.

### 1. Valuation

"For purposes of equitable distribution, marital property shall be valued as of the date of the separation of the parties, and evidence of . . . postseparation occurrences or values is competent as corroborative evidence of the value of marital property as of the date of the separation of the parties." N.C. Gen. Stat. § 50-21(b). "In an equitable distribution proceeding, the trial court is to determine the net fair market value of the property based on the evidence offered by the parties." *Fitzgerald v. Fitzgerald*, 161 N.C. App. 414, 419, 588 S.E.2d 517, 521 (2003) (citation omitted).

### a. Marital Residence

Defendant first contends that no competent evidence supports the trial court's valuation of the marital residence as $650,000.00 on the date of separation because the only valuation evidence presented by the parties was an appraisal that established the $650,000.00 value on 7 December 2023, approximately 15 months after the date of separation.

Defendant likens this case to *Fitzgerald*, in which "the only evidence presented on the value of the house were two appraisals valuing the house at $395,000.00, one performed over a year after the parties' separation and one performed more than three years after the separation." *Id.* This Court reversed the trial court's date-of-separation valuation of the house, noting that "[n]othing in the findings of the trial court supports a fair market value of the house on the date of separation of $375,000.00." *Id.*

Yet *Fitzgerald* does not stand for the proposition that an appraisal of a marital

residence that was performed over a year after the date of separation cannot support a valuation under § 50-21(b).

Indeed, this Court has previously approved a trial court's valuation of a marital residence based on appraisals performed "some eighteen months after the separation date." *Atkins v. Atkins*, 102 N.C. App. 199, 209, 401 S.E.2d 784, 789 (1991). In *Atkins*, "[t]he fact that [the experts] did not appraise the property on the actual date of separation [wa]s not fatal" because there was "no evidence in the record either [expert] considered evidence of post-separation occurrences in valuing the property, and they both exhibited familiarity with the market values at the time of separation of the parties." *Id.* at 210, 401 S.E.2d at 790 (cleaned up). "Furthermore, there [wa]s no evidence from either party that the condition of the property was altered between the date of separation and the date of the appraisal." *Id.*

Notably, here, Defendant does not contest the accuracy of the $650,000.00 valuation. Rather, his sole argument on appeal concerning this valuation is that it could not be considered competent evidence to support the trial court's finding of fact. Moreover, as Plaintiff notes, "[t]he record reflects no evidence from either party that any post-separation increase or decrease in the value of the property after the parties' date of separation was a result of 'post-separation actions or activities' of either spouse as provided in N.C. Gen. Stat. § 50-20(b)(4)."

In that there is no discrepancy in the valuation of the marital residence between the appraisal in evidence and the trial court's finding, this issue is controlled

by *Atkins* rather than *Fitzgerald*. Consequently, the 7 December appraisal—the only evidence presented by the parties as to the value of the marital residence—was competent evidence supporting the trial court's finding as to the valuation of the marital residence, and this valuation is binding on appeal. *See Klein*, 290 N.C. App. at 577–78, 892 S.E.2d at 903. Defendant's argument is overruled.

### b. *Business Equipment*

Defendant also challenges the trial court's finding concerning three pieces of business equipment distributed to Defendant:

> The court finds the three pieces of equipment to be marital property. The value is $70,000.00. The court will take as values the values that were testified to by Defendant as to the value of the three pieces of equipment. The three pieces of equipment shall be distributed to Defendant.

Defendant asserts that although he "did not testify about the value of the three pieces of equipment," he "testified about the purchase price of the equipment and was not asked about the fair market value at the date of separation or on any other date." (Emphasis omitted). Defendant further contends that "testimony on the purchase price of property is not the same as an opinion by a party on the value of their property" and therefore, "there is no evidence in the record on date of separation value of this property."

However, Defendant fails to account for other portions of this challenged finding that clearly demonstrate that the trial court took issue with his recalcitrance as a witness:

> Defendant was asked numerous time[s] to provide the value of the three pieces of equipment but chose not to do so. The court will note that at all times during the pendency of this action that Defendant has been represented by counsel. Defendant blames his choice of not providing the information as to the value of the three pieces of equipment on his attorneys; however, the court finds that even up to the point of the hearing, Defendant did not provide the values. Further, Defendant was hesitant to give values during his testimony and was evasive when questioned as to the values of the three pieces of equipment.

"The credibility of the evidence in an equitable distribution trial is for the trial court." *Grasty v. Grasty*, 125 N.C. App. 736, 739, 482 S.E.2d 752, 754, *disc. review denied*, 346 N.C. 278, 487 S.E.2d 545 (1997). "The trial court, as the finder of fact in an equitable distribution case, has the right to believe all that a witness testified to, or to believe nothing that a witness testified to, or to believe part of the testimony and to disbelieve part of it." *Id.* (cleaned up). "This determination rests within the discretion, duty, and prerogative of the trial court, and will not be disturbed on appeal, when supported by findings of fact." *Lund v. Lund*, 252 N.C. App. 306, 309–10, 798 S.E.2d 424, 427 (2017).

Here, it is plain that the trial court had grown increasingly frustrated by Defendant's evasiveness with respect to the valuation of these three pieces of equipment. The court was free to determine that Defendant's purchase-price testimony was credible and competent evidence, while also disregarding or disbelieving other portions of his testimony—such as Defendant's noncommittal answers that failed to provide a more updated valuation—that the trial court, as fact-

finder, did not deem credible. *See Grasty*, 125 N.C. App. at 739, 482 S.E.2d at 754.

The court's decision to use the purchase-price values of the equipment "was a reasoned response to the opacity of Defendant's" testimony on this issue. *Keith v. Keith*, ___ N.C. App. ___, ___, 911 S.E.2d 371, 381 (2024). The challenged finding of fact was supported by competent record evidence estimating the value of the equipment, and Defendant has not shown that the court's determination was "so arbitrary that it could not have been the result of a reasoned decision." *Klein*, 290 N.C. App. at 578, 892 S.E.2d at 903 (cleaned up). This valuation argument is also overruled.

### 2. Distribution

"There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable." N.C. Gen. Stat. § 50-20(c). "If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." *Id.*

In this case, the trial court consistently stated in its order that "[a]n equal division is equitable in this matter." However, the parties agree that the court made several mathematical and clerical errors in its order that resulted in an unequal distribution in Plaintiff's favor. Accordingly, remand is necessary for the trial court to clarify its equitable distribution in this matter.

For instance, the trial court repeatedly declared its intention to credit

Defendant for the mortgage payments on the marital residence that he made since the date of separation. Yet, the court appears not to have given Defendant that intended credit in its order, because the values the court found for the amount owed on the two mortgages as of the date of the hearing were the same as the values that the parties stipulated were accurate as of the date of separation. Although the court had discretion to determine the method of awarding this credit, it did not actually make this determination. *See Kerslake v. Kerslake*, 295 N.C. App. 504, 512, 907 S.E.2d 40, 46 (2024) (A spouse who "makes some payment on the [marital] debt from separate funds after separation and before equitable distribution[ ] is entitled to either direct reimbursement by the other spouse or a proportionate increase in the share of the equitable distribution award or marital properties. The form and manner of compensation rests within the trial court's discretion." (citation omitted)).

Plaintiff concedes that the "order suggests the court intended to give Defendant[ ] a credit for such payments." Remand is therefore appropriate to allow the court the opportunity to clarify its intended distribution of this credit.

It also appears that the trial court erred in calculating the gross and net values for the marital estate and in failing to account for the portion of the net marital estate being retained by Plaintiff when calculating the distributive award. In addition, there are findings as to the values of one of the parties' bank accounts and one of the parties' credit cards that are not supported by the evidence.

The order on appeal thus contains several mathematical errors, some of which

are merely clerical, but some of which may have arisen from matters within the trial court's discretion. It is not for this Court to discern how to properly correct the court's order in matters of discretion. Instead, it is appropriate to remand the case to the trial court. "[O]n remand the parties should not be permitted a 'second bite at the apple' by presenting new evidence or argument as to the classification or valuation of marital or divisible property . . . ." *Clemons v. Clemons*, 265 N.C. App. 113, 125, 828 S.E.2d 501, 510 (2019). However, "in the trial court's discretion, they may present additional evidence addressing the distributional factors under N.C. Gen. Stat. [§] 50-20(c) since the trial court must consider those factors." *Id.*

### 3. Disposition

Defendant last challenges the portions of the trial court's disposition ordering him to refinance the mortgages on the marital residence "into his sole and separate name" and pay the distributive award to Plaintiff, and alternatively, ordering the residence to be sold, in the event that Defendant is unable to refinance the mortgages. Defendant alleges that the court disregarded the parties' stipulation that the mortgages and marital residence would be distributed to him.

In the pretrial order, the parties made a number of stipulations. The parties included statements that "the marital residence should be distributed to Defendant" and that the mortgage "debt[s] should be distributed to Defendant and that Defendant should assume responsibility for these debts." From this, Defendant asserts that "[t]he parties unequivocally stipulated that the marital residence and

the mortgage debt[s] were to be distributed to Defendant and as to the mortgage debt[s], that Defendant should assume responsibility for these debts."

Nonetheless, "[t]he language of the stipulations . . . in the present case . . . failed to definitively dispose of the issue[s]" of the marital residence and the mortgage debts, notwithstanding Defendant's protests otherwise. *Despathy v. Despathy*, 149 N.C. App. 660, 662, 562 S.E.2d 289, 291 (2002). In *Despathy*, the parties entered into stipulations providing that certain property "*should* be distributed" as agreed upon. *Id.* This Court determined that "the plain language of the stipulations" reflected an "equivocal nature" because of the word "*should*"; consequently, "the trial court was not bound to abide by the parties' suggestions concerning distribution." *Id.* at 662– 63, 562 S.E.2d at 291. Accordingly, to the extent that Defendant's arguments are based solely on the court's departure from the parties' stipulations, *Despathy* demonstrates that these were merely nonbinding suggestions—as indicated by the repeated use of the word "should"—and Defendant cannot show an abuse of discretion on this ground alone.

Nevertheless, remand to the trial court is required for an additional finding that the presumption of an in-kind distribution has been rebutted. Section 50-20(e) provides, in pertinent part:

> Subject to the presumption of subsection (c) of this section that an equal division is equitable, it shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable. This presumption may be rebutted by the greater weight of the evidence, or by

> evidence that the property is a closely held business entity or is otherwise not susceptible of division in-kind. In any action in which the presumption is rebutted, the court in lieu of in-kind distribution shall provide for a distributive award in order to achieve equity between the parties.

N.C. Gen. Stat. § 50-20(e).

"[I]n equitable distribution cases, if the trial court determines that the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination." *Sapia v. Sapia*, 294 N.C. App. 419, 439, 903 S.E.2d 444, 458 (2024) (citation omitted). Here, it is undisputed that the order on appeal does not contain such a finding.

Further, among the factors enumerated by § 50-20(c), "[t]he trial court is required to make findings as to whether the defendant has sufficient liquid assets from which he can make the distributive award payment." *Id.* (citation omitted); N.C. Gen. Stat. § 50-20(c)(9). The court here explicitly found as fact that "*the marital property is not liquid* in this matter" but nonetheless declared that "the court [wa]s confident that Defendant has the means and ability to comply with this order." (Emphasis added). Yet without the required finding as to whether Defendant had "sufficient liquid assets" to buttress that confidence, *Sapia*, 294 N.C. App. at 439, 903 S.E.2d at 458 (citation omitted), the findings of fact do not support the distributive award.

"We therefore must reverse the distributive award and remand this matter for additional findings of fact on whether the presumption of an in-kind distribution has

been rebutted and whether [Defendant] has sufficient liquid assets to pay the distributive award to [Plaintiff], consistent with this opinion." *Id.* at 440, 903 S.E.2d at 459 (cleaned up).

### III. Conclusion

For the foregoing reasons, Defendant's arguments concerning the trial court's valuations are overruled and the court's order is affirmed as to those valuations. The order is reversed as to the distribution of the parties' marital property and remanded for the trial court to make additional findings of fact and to correct mathematical and clerical errors, consistent with this opinion.

"[O]n remand the parties should not be permitted a 'second bite at the apple' by presenting new evidence or argument as to the . . . valuation of marital or divisible property . . . ." *Clemons*, 265 N.C. App. at 125, 828 S.E.2d at 510. "[B]ut in the trial court's discretion, they may present additional evidence addressing the distributional factors under N.C. Gen. Stat. [§] 50-20(c) since the trial court must consider those factors," including the liquidity of Defendant's assets. *Id.*; *see also Sapia*, 294 N.C. App. at 439, 903 S.E.2d at 458.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Judges ARROWOOD and GRIFFIN concur.

Report per Rule 30(e).